```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        EASTERN DIVISION
```

DEXTER CALVIN FULTON                                       PLAINTIFF

VERSUS                              CIVIL ACTION NO. 4:07cv36-TSL-LRA

HALEY BARBOUR, STATE OF MISSISSIPPI,
CHRISTOPHER EPPS, and DALE CASKEY                         DEFENDANTS

ORDER

Upon consideration of the complaint submitted according to 42 U.S.C. § 1983 in the above entitled action as well as the plaintiff's response [12], the court makes the following findings and conclusions.[1]

In order to maintain an action pursuant to § 1983, the plaintiff must allege that a person acting under color of state law deprived him of a right secured by the Constitution or other law of the United States. West v. Atkins, 487 U.S. 42, 48 (1988); Daniel v. Ferguson, 839 F.2d 1124 (5th Cir. 1988). The plaintiff has failed to assert allegations against defendant Barbour which rise to the level of constitutional deprivation. Even though this court must liberally construe the *pro se* litigant's pleadings, this does not allow the court to consider unpled facts. See McFadden v. Lucas, 713 F.2d 143, 147 n.4 (5th Cir. 1983) (citing Slotnick v. Staviskey, 560 F.2d 31, 33 (1st Cir. 1977)). Therefore, the court finds that the plaintiff

---

[1]According to the docket entries of November 13, 2007, the plaintiff is no longer incarcerated but is residing at 1011 4th Street South, Apt. 22, Columbus, MS 39701.

cannot maintain an action pursuant to 42 U.S.C. § 1983 against defendant Barbour.

In addition, the plaintiff named the State of Mississippi as a defendant in this cause. The United States Supreme Court stated in Will, that a state is not a "person" within the meaning of § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989). Hence, the plaintiff cannot maintain this action pursuant to 42 U.S.C. § 1983 against defendant State of Mississippi. Accordingly, it is therefore,

**ORDERED:**

1. That defendants Barbour and the State of Mississippi are dismissed as defendants in this action.

2. That the plaintiff within 20 days of the date of this order shall provide this court with the civil action number of every civil action or appeal which the plaintiff has had dismissed on the grounds that it is frivolous, malicious or fails to state a claim upon which relief may be granted. Plaintiff shall also provide the name of the court and name(s) of defendant(s) in each civil action identified.

3. That the United States District Clerk is hereby directed to issue summons to the defendants,

**Christopher B. Epps, Commissioner**
**723 N. President St.**
**Jackson, MS 39201**

      **Dale Caskey, Warden**
      **East Mississippi Correctional Facility**
      **10641 Highway 80 West**
      **Meridian, MS 39304**

<u>requiring a response to the complaints</u>.  The Clerk is directed to attach a copy of this order to each complaint and response [12] that will be served on the named defendants.  The United States Marshal shall serve the same pursuant to 28 U.S.C. § 1915(d).

    4.  That the defendants each file his or her answer or other responsive pleading in this cause in accordance with the *Federal Rules of Civil Procedure* and the Local Rules of this Court.

    5.  That subpoenas shall not be issued except by order of the Court.  The United States District Clerk shall not issue subpoenas upon request of the <u>pro se</u> litigant, but shall instead forward the request to the Magistrate Judge assigned to this cause for review.  The plaintiff shall submit all request for the issuance of subpoenas to the Magistrate Judge's office for review.

    **The plaintiff should understand that this order allowing process to issue against the above named defendants does not reflect any opinion of this Court that the claims contained in the complaint will or will not be determined to be meritorious.**

    **It is the plaintiff's responsibility to prosecute this case.  Failure to advise this Court of a change of address or**

**failure to comply with any order of this Court will be deemed as a purposeful delay and contumacious act by the plaintiff and may result in the dismissal of this case.**

SO ORDERED, this the   13th   day of November, 2007.


/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE