**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**DEXTER CALVIN FULTON**                                                 **PLAINTIFF**

**V.**                                              **CIVIL ACTION NO: 4:07CV36 - TSL-LRA**

**CHRISTOPHER EPPS AND
DALE KASKEY**                                                       **DEFENDANTS**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This cause is before the Court on the [17] Motion to Dismiss for Failure to Exhaust Available Administrative Remedies, and for Stay, filed by Christopher Epps, [hereinafter Defendant]. Dexter Fulton [hereinafter Plaintiff], is a former inmate at the East Mississippi Correctional Facility, and files this action under 42 U.S.C. § 1983, *pro se* and *in forma pauperis*. Plaintiff appears to assert in his Complaint that Defendants demonstrated deliberate indifference to his serious medical needs in violation of his Eighth Amendment Constitutional right to be free from cruel and unusual punishment during his incarceration. Having carefully considered the motion, the response thereto, and all the applicable law, the Undersigned United States Magistrate Judge hereby recommends that Defendant's motion be denied without prejudice for the reasons set forth herein.

The Prison Litigation Reform Act [PLRA] 42, U.S.C. § 1997(e) provides that no action "shall be brought with respect to prison conditions under Section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies are as available are exhausted." Exhaustion is mandatory, "irrespective of the forms of relief sought and offered through the administrative avenues." **Booth v. Churned**, 532 U.S. 731, 739, 740 -

41 n.5., 121 S.Ct. 1819, 1823-25 (2001). This exhaustion requirements applies to "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." **Porter v. Tussle**, 534 U.S. 516, 532, 122 S.CT. 983, 992 (2002). Because exhaustion is mandatory, district courts are "no longer required to determine whether a prisoner ... has reasonably and in good faith pursued his administrative remedies." **Days v. Johnson**, 322 F. 3d 863, 866 (5th Cir. 2003).

However, failure to exhaust administrative remedies does not necessarily deprive the court of jurisdiction over a §1983 claim. **Underwood v. Wilson**, 151 F.3d 292, 295 (5th Cir. 1998), *cert. denied*, 526 U.S. 1133 (1999). An administrative remedy may be deemed "unavailable" if the prisoner cannot, despite his efforts, follow it through to completion; for example, after the time limits for the prison's response set forth in the prison Grievance Procedures have expired. **Powe v. Ennis**, 177 F.3d 393, 394 (5th Cir. 1999); **Underwood** 151 F.3d at 295. Moreover, a prisoner may be excused from exhausting his administrative remedy where "irregularities in the administrative process itself" prohibited him from doing so. **Shah v. Quinlin**, 901 F.2d 1241, 1244 (5th Cir. 1990). There is also a "substantial effort exception" to the exhaustion requirement. **Rourke v. Thompson**, 11 F.3d 47, 51 n. 10 (5th Cir. 1993). An administrative remedy will also be found inadequate where prison officials ignore or interfere with a prisoner's pursuit of relief. **Holloway v. Gunnell**, 685 F.2d 150, 154 (5th Cir. 1982).

In this case, Defendant argues Plaintiff's Complaint should be dismissed because he failed to complete the administrative remedy program prior to filing the

subject lawsuit.  The Court finds Plaintiff's Complaint and response to the subject motion, however, vague and confusing.  As such, the Undersigned is without sufficient information to make a recommendation regarding the subject motion at this time.  It is therefore the recommendation of the Undersigned that Defendant's motion be denied without prejudice so that an Omnibus Hearing may be conducted pursuant to **Spears v. McCotter**, 766 F.2d 179 (5th Cir. 1985).[1]  Defendant Epps may re-urge the subject motion for the Court's consideration at that time.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  28 U.S.C. § 636; *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 21st day of July 2008.

                                                                S/Linda R. Anderson
                                        UNITED STATES MAGISTRATE JUDGE

---

[1] An Omnibus Hearing is scheduled for the combined purposes of conducting a case management hearing, discovery conference, and a pretrial conference in an attempt to insure the just, speedy, and inexpensive determination of *pro se* prisoner litigation.